(No. 5670. Decided August 2, 1905.)

DORA MARSH DRASDO, *Appellant*, v. FRANK JOBST *et al.*,
as *Executors, etc., of Paul Drasdo,*
*Deceased, Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—FINAL SETTLEMENT—PENDENCY
OF LITIGATION—JURISDICTION. An objection to the jurisdiction of the
court to settle the final account of executors, because of the pendency
of appeals in the supreme court in litigation concerning the distribu-
tion of the property, is unavailing, where at the time of the hearing
in the supreme court such appeals have been finally determined.

SAME—FINDINGS—RECITALS—SEPARATE CHARACTER OF PROPERTY—
FORMER ADJUDICATION IN COURSE OF ADMINISTRATION — FINALITY.
Upon the final distribution of an estate, error cannot be predicated
on recitals in the findings as to the separate and community char-
acter of the property, and the findings cannot be reviewed, where
that matter had formerly been determined in the course of adminis-
tration in special proceedings for the purpose, and the findings made
no change in that respect.

SAME—DEBTS—FINDINGS. A finding upon the final settlement of
the estate that there are no debts, is sustained where the evidence
showed no debts except funeral expenses and the costs of administra-
tion, and the only bill presented was disallowed.

Appeal from an order of the superior court for King
county, Bell, J., entered January 4, 1905, upon findings in
favor of executors, after a hearing upon the merits, settling
their final account and making distribution of the estate.

*C. H. Farrell* and *Piles, Donworth, Howe & Farrell,* for
appellant, contended, among other things, that the court has
no right to decree final distribution, where at the time the
estate is involved in litigation.  Woerner, Administration,
pp. 1230, 1234; *Estate of Ricaud,* 57 Cal. 421; *Ham v.
Kornegay,* 85 N. C. 119; *Cummings v. Cummings,* 143 Mass.
340, 9 N. E. 730; *State v. Roth,* 47 Ark. 222, 1 S. W. 98;
*Prefontaine v. McMicken,* 16 Wash. 16, 47 Pac. 231; *Ben-
nett's Estate,* 132 Pa. St. 201, 19 Atl. 58; *Horton v. Barto,*

[1] Reported in 81 Pac. 857.

17 Wash. 675, 50 Pac. 587; *Huston v. Becker,* 15 Wash. 586, 47 Pac. 10. An adverse claim must be determined by a court of general jurisdiction, and not by a probate court. Woerner, Administration, p. 344; *Theller v. Such,* 57 Cal. 447; *In re Walker's Will,* 132 N. Y. 20, 32 N. E. 633; *In re Mousseau's Estate,* 40 Minn. 236, 41 N. W. 977; *Estate of Haas,* 97 Cal. 232, 31 Pac. 893; *Stewart v. Lohr,* 1 Wash. 341, 25 Pac. 457, 22 Am. St. 150; *In re Alfstad's Estate,* 27 Wash. 175, 67 Pac. 593; *In re Singleton's Estate* (Nev.), 64 Pac. 513.

*William Martin,* for respondents.

MOUNT, C. J.—This appeal is from an order in probate settling the final account of the executors of the estate of Paul Drasdo, deceased, and making distribution of his separate estate. Paul Drasdo died on June 15, 1903. He left a valuable estate. There were no direct heirs except a widow, who was not living with him at the time of his death. Prior to his death he made a will, by the terms of which he disposed of all his property, leaving to his widow one dollar. Immediately after his death a special administrator was appointed, who took charge of the estate. The will was subsequently probated, and Frank Jobst and Ernst Drasdo were appointed executors. They qualified as such and, on June 29, 1903, gave notice to creditors.

Subsequently the widow applied for letters testamentary upon the community estate. Upon notice and a hearing, J. A. Paine was appointed such administrator, and qualified. Thereafter the widow made an application for an allowance pending the settlement of the estate, and on the 28th day of October, 1903, said allowance was made, and sustained by this court in *In re Drasdo's Estate,* 36 Wash. 478, 78 Pac. 1022. On the 11th day of October, 1904, the executors filed their final account and petitioned for distribution of the separate estate of the deceased, and gave due

notice thereof.   The widow and the administrator of the
community estate appeared and filed exceptions to the ac-
count, and alleged that all the property then in possession
of the executors was community property.   At the time of
the hearing on the final account, the widow and the adminis-
trator of the community estate objected to the jurisdiction
of the court to settle the estate, upon the ground that certain
litigation was then pending concerning the property of the
estate.   It was stated that the remittitur had not gone down
from this court in *In re Drasdo's Estate, supra,* and that
an action which had been brought by the administrator of
the community estate, claiming the whole estate as com-
munity property, was also pending in this court.   These
objections were denied, and the court proceeded to a hear-
ing upon the settlement of the estate and of the final ac-
count, and at the close thereof made findings as follows:

"(1)   That said Paul Drasdo died in Seattle, King county,
Washington, on the 15th day of June, 1903, leaving a last
will and testament disposing of all of his separate estate,
wherein Frank Jobst and Ernst Drasdo were selected and
appointed executors, and thereafter on, to wit, the 29th day
of June, 1903, the said last will and testament was duly
and regularly filed and probated in the superior court of
King county, State of Washington, and since the probating
of said will as aforesaid no contest of any kind has been
inaugurated against the same.

"(2)   That on the 14th day of August, 1902, said Paul
Drasdo, deceased, and the said Dora Marsh Drasdo were
married at Seattle, King county, Washington, and the mari-
tal community then formed existed until the date of the
death of said Paul Drasdo, deceased, as aforesaid.

"(3)   That at the time of the death of the said Paul
Drasdo, he was possessed of the following separate property,
to wit:   Two certificates of deposit in the sum of $5,000
each; eight railroad bonds of the Northern Railroad of Cali-
fornia of the par value of $1,000 each, with accrued interest;
one restaurant known as the Vienna Cafe, situated at 520
Second avenue, Seattle, Washington, together with the lease
thereon.

"(4)   That at the time of the death of the said Paul Drasdo, the marital community consisting of the said decedent and the said Dora Marsh Drasdo, possessed the following community property, to wit: $1,060.75 found upon the person of said decedent at the time of his death; $1,000 found in the safe deposit box in the city of Tacoma, State of Washington; one horse and buggy, one diamond ring, household furniture and effects of the value of $4,000, personal furniture and furnishings situated in the Vienna Cafe hereinabove referred to of the value of $800, a claim against said Vienna Cafe for the services of the said Paul Drasdo, deceased, amounting to two thousand dollars.

"(5)   That during the existence of said marital community, the said Paul Drasdo, deceased, and Dora Marsh Drasdo, received from the said Vienna Cafe and used for their household expenses the sum of $2,000, and in addition thereto the said marital community during its existence received from said Vienna Cafe from the the separate estate of said Paul Drasdo, deceased, the sum of $5,000.

"(6)   That on, to wit, the 20th day of April, 1903, said Paul Drasdo, deceased, transferred to a corporation theretofore formed, named the Vienna Cafe, the said restaurant and the good will thereof, the same being then and having been for more than two years prior thereto a separate property, and received for such transfer twenty-eight shares of the capital stock of said corporation.

"(7)   That under the terms of the said last will and testament of the decedent, Paul Drasdo, he bequeathed to Ernst Drasdo, his brother, the twenty-eight shares of the capital stock of the Vienna Cafe, a corporation, hereinabove referred to; to Albert Thalheim, a half-brother, of St. Louis, Missouri, the sum of $5,000; to Dora Marsh Drasdo, the sum of one dollar, and the remainder of his estate to Martha Brobardt, a sister, of Karls Ruhe, Germany.

"(8)   On the 28th day of October, 1903, this court, by an order regularly made, after full hearing and notice to all the parties, set apart to Dora Marsh Drasdo, widow of said decedent, all of the household furniture and effects hereinabove referred to, amounting in value to about $4,000, and in addition thereto, at the same time, ordered that she be paid from the separate estate of the said Paul Drasdo, deceased, the sum of $250 per month as a family allowance

pending the settlement and distribution of the said decedent's estate, and said order was thereafter affirmed by the supreme court of the State of Washington.

"(9)    That during the existence of the marital community consisting of said Paul Drasdo and Dora Marsh Drasdo, the said Paul Drasdo so commingled his earnings as manager of the Vienna Cafe with the property of said Vienna Cafe that it was impossible to ascertain without investigation which was community and which was separate property, and in addition there was good reason to believe at the preliminary hearing that the lease of the said Vienna Cafe was the community property of said Paul Drasdo and Dora Marsh Drasdo, and upon petition this court, on the 14th day of July, 1903, appointed J. A. Paine administrator of the community estate of the said Paul Drasdo and Dora Marsh Dradso and directed him, as such administrator, to take possession of the said Vienna Cafe and hold and conduct the same until the further order of the court. That thereafter, on to wit, the 10th day of August, 1903, this court, by an order made, directed said administrator to turn the said Vienna Cafe over to the executors of the estate of Paul Drasdo, deceased. That during the time said administrator of the community estate was in possession of said cafe and conducted the same, he collected certain moneys and made certain disbursements necessary in the management thereof.

"(10)    That due and legal notice of the petition of the executors herein for the settlement of their final account and the distribution of said estate, was posted and published and given in all respects as required by law and all the debts of the said decedent have been paid with the exception of the expenses of the administrator and the family allowance of $250 per month to Dora Marsh Drasdo, hereinabove referred to. That more than one year has elapsed since the publication of the notice to creditors to present their claims, from the time of the filing of the publication of the said notice up to the time of the filing of the said petition for settlement and distribution, and said estate is now in a condition to be distributed under and in accordance with the will of the said decedent, Paul Drasdo.

"(11)    That the final account filed herein by said executors of said estate is correct in all respects, and is hereby approved, settled and allowed."

The twelfth finding fixed the fees of the executors and the attorneys. Upon these findings an order was made, approving the account and distributing the separate estate according to the terms of the will, after paying to the widow $4,666.66, the amount due her under the order of allowance up to the time of the final order. The widow appeals.

Twenty-five errors are assigned, many of which are obviously without merit. We shall notice those only which appear to have been made in good faith. Four of the assignments of error are based upon objections to the jurisdiction of the court to decree a final distribution while there was litigation pending involving property belonging to the estate. Several authorities are cited to the effect that, where there is undetermined litigation pending, which involves the right of the estate to certain property, the estate is not ready for distribution. But in the record before us, whatever litigation there had been concerning this estate appears to have been finally determined. It is true that one or two appeals had been taken, but those appeals appear to have been long since disposed of. So that, if the rule is as contended for by appellant, it is not now applicable to this case.

Appellant also contends that the court erred in making certain findings determining what property was the separate estate of Paul Drasdo, deceased, and what property was community property of Drasdo and wife. These questions had formerly been determined in the course of the administration of the estate and in special proceedings for that purpose, and certain property had been set over to the appellant and to the administrator of the community estate. The separate estate had been set over to the executors under the will. These findings made no change in that respect, but simply recited the ultimate facts in relation thereto. We think no error can be based on such recitals, and that appellant cannot review them in this proceeding.

Appellant also contends that the court erred in finding that all the debts had been paid with the exception of the

expenses of administration and the widow's allowance; but as we read the evidence, there were no debts except the funeral expenses and the expenses of administration. It is true, a bill of $50 was presented by one person claiming to be a creditor, but it was disallowed and withdrawn, and the time for enforcing it had long since expired. There seems to be no dispute in the evidence as to the correctness of any item of the account of the executors. All the items thereof appear to be proper and legally chargeable against the estate, and we see no reason why the account should not be allowed and the estate finally settled as ordered by the court.

The order appealed from is therefore affirmed, with costs against the appellant.

HADLEY, CROW, RUDKIN, and FULLERTON. JJ.. concur.