594     STATE EX REL. DRASDO v. FRATER.

———————————o

(No. 5657. Decided August 15, 1905.)

THE STATE OF WASHINGTON, on the Relation of Dora Marsh
Drasdo, Plaintiff, v. A. W. FRATER, Judge of the
Superior Court for King County, et al.,
⁻espondents.[1]

MANDAMUS—WHEN LIES—ATTACKING JUDGMENT AFFIRMED ON AP-
PEAL. After the final settlement of an estate, mandamus will not lie
to compel the payment of a temporary allowance to a widow, pur-
suant to a former order requiring payment until final settlement,
upon the theory that the order of final settlement was void, for vari-
ous reasons, where, upon an appeal from such final order, the same
had been affirmed, and all the questions raised determined.

Original application for a writ of mandamus, filed in the supreme court, April 24, 1905, to compel the enforcement of an order for an allowance to a widow. · Writ denied.

*Piles, Donworth, Howe & Farrell,* for relator.
*William Martin,* for respondents.

PER CURIAM.—Original application for writ of mandate. On the 28th day of October, 1903, the estate of Paul Drasdo, deceased, was in process of administration in the superior court of King county. On that day, the court made an

1Reported in 81 Pac. 1135.

order directing the executors of said estate to pay to Dora Marsh Drasdo, widow of said deceased, the sum of $250 on the 15th day of November, 1903, and the sum of $250 on the 15th day of each and every month thereafter, until said estate was finally settled and determined, or until the further order of the court. This order was affirmed by this court, December 30, 1904. *In re Drasdo's Estate*, 36 Wash. 478, 78 Pac. 1022.

On the 4th day of January, 1905, after due notice, the superior court of King county made an order settling the final account of the executors, and directing a distribution of the residue of the estate. By this order, the executors were directed to pay to Dora Marsh Drasdo the sum of $4,666.66, which was the full amount due to that date, under the prior order of October 28, 1903, exclusive of interest. On the 22d day of March, 1905, the relator, Dora Marsh Drasdo, petitioned the superior court of King county for an order directing the executors of said estate to pay to her the sum of $5,630.25, being the balance due on said allowance at the rate of $250 per month up to said March 20th, with interest, and requiring said executors to pay said allowance monthly until said estate was finally settled. On the 13th day of April, 1905, the court made an order on this application directing the executors to pay the relator the sum of $4,666.66, fixed by the prior order, within three days, but denied all further relief.

The relator, by this application, seeks to compel the lower court to enforce the order making the original allowance, as affirmed by this court, after the 5th day of January, 1905, notwithstanding the decree of final distribution made and entered on the latter date. The main contention of the relator is, that the order of January 5, 1905, was made without jurisdiction, and is void for the reason that the estate was not ready for distribution at that time, on account of pending litigation, and for other reasons not necessary to be stated here. All these questions were disposed of by

the affirmance of the order of January 5, 1905, in this court. *Drasdo v. Jobst, ante* p. 425, 81 Pac. 857.

The application is therefore denied.